467 A.2d 631

**COMMONWEALTH of Pennsylvania**

v.

**Ricky Lynn McCALL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1983.

Filed Oct. 21, 1983.

474

476

Robert Alan Cinpinski, Public Defender, Kittanning, for appellant.

George R. Kepple, District Attorney, Kittanning, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

HESTER, Judge:

On March 6, 1981, before the Court of Common Pleas of Armstrong County, appellant, Ricky Lynn McCall, entered a plea of guilty to charges of rape, robbery and burglary filed at No. 1981–0019. These charges were filed as a result of appellant's forcible entry in early January, 1981, into the residence of Elsie Shearer, situate at Parker, Armstrong County, Pennsylvania, his sexual assault of Connie Suttle, a 26-year old retarded female, within the Shearer residence, and his removal therefrom of a piggy bank containing $40.00.

On March 11, 1981, before the same court, appellant further pled guilty to charges of escape and simple assault stemming from his escape with three other prisoners on January 17, 1981, from the Armstrong County Jail, where he was detained pending prosecution of the rape, robbery and burglary charges. Also, on March 11, 1981, he entered a plea of guilty to charges of burglary, robbery and theft which were instituted as the result of his unauthorized

taking of a 1980 Chevrolet Citation, a .22 caliber rifle, ammunition and $31.00 in cash from the residence of Chester Choncek, following his escape from jail earlier that day. These charges, to which appellant pled guilty on March 11, 1981, were filed at Nos. 1981–0050, 1981–0051, 1981–0052, 1981–0053 and 1981–0054.

Two months following the entry of his guilty pleas, and prior to sentencing, appellant filed a Motion and Amended Motion to Withdraw his pleas of guilty to rape, robbery and burglary filed at No. 1981–0019, and to escape, simple assault, robbery, burglary and theft filed at Nos. 1981–0050 through 1981–0054. At the hearing on these motions, appellant orally withdrew his Amended Motion to Withdraw his plea to the charges filed at Nos. 1981–0050 through 1981–0054; consequently, the lower court was concerned only with his Motion to Withdraw his plea to rape, robbery and burglary filed at No. 1981–0019. Following the hearing and both oral and written argument, his remaining Motion was denied and sentencing was scheduled.

On September 10, 1981, appellant was sentenced for the offenses of rape, robbery and burglary (No. 1981–0019) to a term of imprisonment of not less than five nor more than twenty years, said term to run concurrently with any pre-existing sentence or sentences. He was also sentenced on that date for the crimes of burglary, robbery, theft, escape and simple assault (Nos. 1981–0050 through 1981–0054) to an identical term of not less than five nor more than twenty years. Both five to twenty-year terms were to run consecutively.

Immediately following sentencing, appellant filed a Motion Challenging his Guilty Plea to rape, robbery and burglary at No. 1981–0019, and a Motion to Modify Sentence at Nos. 1981–0019 and 1981–0050 through 1981–0054. Prior to the trial court's disposition of these Motions, appellant filed a Notice of Appeal from the Order, dated September 1, 1981, denying his Motion and Amended Motion to Withdraw for fear that the thirty-day appeal period would not be tolled by the later Motions challenging the guilty pleas and to modify sentence.

By Order of Court, dated February 10, 1982, appellant's Motions Challenging the Guilty Plea and to Modify Sentence were denied. A timely appeal was filed from this Order also. Due to the fact that both appeals were taken from Orders denying withdrawal of the same guilty plea and denying modification of sentence, appellant was instructed to file this Amended Notice of Appeal in order to consolidate the earlier Notices of Appeal.

Appellant argues first that the trial court erred in refusing to approve the withdrawal of his plea of guilty to rape, robbery and burglary at No. 1981–0019. According to appellant, his insistence on his innocence, his desire to exercise his right to a jury trial, the infliction of no prejudice on the Commonwealth as a result of the withdrawal of his guilty plea and the fact that he sought to withdraw his plea prior to sentencing, are justifiable reasons for reversal.

The Pennsylvania Supreme Court in *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973) stated:

It is well recognized that a pre-sentencing plea withdrawal motion and a post-sentencing plea withdrawal motion present entirely different problems. As a general rule, the guilty plea itself is 'the defendant's consent that the judgment of conviction may be entered without a trial.' *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463 [1469], 25 L.Ed.2d 747 (1970). Nothing remains to be done following acceptance of a valid plea save to impose sentence. Consequently, a motion to withdraw a guilty plea made before sentencing normally precedes any indication by the court of what penalty will be exacted. There is therefore little risk that the defendant will enter a guilty plea and then withdraw it before sentencing as a means of testing the court's attitude towards sentencing. Similarly, there is less risk that the prosecution will be substantially prejudiced by the withdrawal, before sentencing, of a constitutionally valid guilty plea.

It is otherwise with a post-sentencing petition to withdraw a guilty plea. Such a procedure obviously would be

useful as a sentence testing device, and, if permitted with any degree of liberality, would invite abuse.

*Id.*, 450 Pa. at 488–489, 301 A.2d at 594.

According to Rule 320 of the Pa.R.Crim.P., "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Although trial courts are empowered to preclude the withdrawal of a guilty plea prior to sentencing, they generally defer to the defendant's wishes to retract his waiver and exercise his constitutional right to a jury trial. *Commonwealth v. McLaughlin,* 469 Pa. 407, 366 A.2d 238 (1976); *Commonwealth v. Neely,* 449 Pa. 3, 295 A.2d 75 (1972), cert. den. 411 U.S. 954, 93 S.Ct. 1934, 36 L.Ed.2d 416 (1973).

As the Pennsylvania Supreme Court also stated in *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973):

Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.' *United States v. Stayton,* [408 F.2d 559 (3d Cir.1969) ] ... at 561. If the trial court finds 'any fair and just reason,' withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.' ABA Standards Relating to Pleas of Guilty [ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1 (Approved Draft 1968) ] ... *Commonwealth v. Forbes,* supra, 450 Pa. at 191, 299 A.2d at 271.

The Commonwealth here virtually concedes an absence of substantial prejudice in the event appellant's motion to withdraw his plea is granted, but strenuously argues that appellant advances no fair and just reason for said withdrawal.

■ The plea was entered one and one-half months following the filing of charges and well in advance of trial. In his motion to withdraw his plea, and again here on appeal, appellant maintains his innocence. Where no "substantial prejudice" is inflicted upon the Commonwealth as a result

of a guilty plea withdrawal, the mere assertion of innocence is a "fair and just reason" for permitting the withdrawal of a guilty plea prior to sentencing. *Commonwealth v. Boofer*, 248 Pa.Super. 431, 375 A.2d 173 (1977); *Commonwealth v. Woods*, 452 Pa. 546, 307 A.2d 880 (1973).

■ We are, therefore, constrained to reverse and remand for trial on the original charges of rape, robbery, burglary, indecent assault, terroristic threats and theft by unlawful taking or disposition filed at No. 1981–0019.[1] As a result of this reversal, it is not necessary to address appellant's appeal from that portion of the Order, dated February 10, 1982, denying his Motion to Modify Sentence imposed at No. 1981–0019.

Next, we address appellant's contention that the lower court erred in failing in its Order, dated February 10, 1982, to modify the sentence imposed on the offenses to which he pled guilty at Nos. 1981–0050 through 1981–0054. According to appellant, the sentencing proceeding was tainted due to the court's sole reliance on his previous criminal record. The court allegedly failed to acknowledge a psychological evaluation, appellant's tender age, average intelligence and life-long deprivation, and the fact that the multiple offenses occurred in less than one-month's time.

■ Unless a mandatory sentence is provided in the Sentencing Code[2], the sentencing court must choose one or more of the following forms of sentencing: 1) probation; 2) determination of guilt without further penalty; 3) partial confinement; 4) total confinement; 5) fine. 42 Pa.C.S.A. § 9721(a). The appropriate form of sentencing must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

1. We find no evidence in the record that the charges of indecent assault, terroristic threats and theft by unlawful taking or disposition were nol prossed by the Commonwealth; therefore, we remand for trial on all original charges filed at No. 1981–0019.

2. Act of December 30, 1974, P.L. 1052, No. 345, 42 Pa.C.S.A. § 9701 et seq. (as amended).

The Sentencing Code further enumerates the following grounds which warrant the entry of an order of probation:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present time.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependents.

(12) Such other grounds as indicate the desirability of probation.

42 Pa.C.S.A. § 9722.

Total confinement is properly imposed where:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S.A. § 9725.

■ Upon imposition of sentence, the court must articulate its reasons, in light of the heretofore discussed guidelines, for selecting the particular sentence. 42 Pa.C.S.A. § 9721(b). Failure to issue a statement of reasons and make it part of the record are sufficient grounds for vacating the sentence and remanding for resentencing.

■ The preferred mode of establishing for the record a basis for imposing the selected sentence is to specifically refer to the statutory guidelines; however, if upon close review of the record it becomes evident that the court considered and applied the guidelines without specific reference to them, sentence will be upheld. *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1982); *Commonwealth v. Wareham*, 259 Pa.Super. 527, 393 A.2d 951 (1978). It must be recognized that absent a gross abuse of discretion, a sentencing court will not be reversed on appeal; imposition of sentence is a matter more suitable for trial judges in light of their extensive exposure to the nature of the crime, the defendant's character (whether he displays remorse, defiance or indifference), and both prosecution and defense witnesses. *Commonwealth v. Youngkin*, 285 Pa.Super. 417, 427 A.2d 1356 (1981); *Commonwealth v. Wareham*, supra.

Following a review of the convictions, the court recognized appellant's relatively tender age of twenty-one years, his woefully deprived childhood and his living in foster homes since the age of eleven or twelve. The court also recognized two prior and separate convictions of robbery and noted that every one of appellant's convictions involved crimes of violence.

Finally, the court observed that appellant was "a clear and present danger to everybody who comes in contact with [him] ...," N.T. September 10, 1981, p. 13; that "the recommended sentences that are to be imposed in connec-

tion with this plea bargain, if anything, are too light because [he has] demonstrated here that, given the opportunity, [he has] committed violent offenses and [he] will continue to do so," *Id.;* and, that "when [he is] at liberty, the public is at hazard, in danger." *Id.* at 14.

■ The record shows the court's notation of appellant's conviction of several violent crimes within four years and the danger he presents to the public. We think it clear that the court articulated its belief that a lesser sentence would not reflect the seriousness of the offenses and that probation would not deter appellant's criminal activity. In our estimation, the record was adequate to support a sentence of total confinement and sufficiently reflected the grounds for the sentence imposed.

Order and Judgment of Sentence dated September 10, 1981, is reversed and remanded for trial on charges of rape, robbery, burglary, indecent assault, terroristic threats and theft by unlawful taking or disposition filed at No. 1981–0019; Order, dated February 10, 1982, to the extent it denied the Motion to Modify Sentence imposed at Nos. 1981–0050, 0051, 0052, 0053 and 0054 is affirmed. Order, dated February 10, 1982, is reversed to the extent it denied the Motion to Withdraw Guilty Plea and the Motion to Modify Sentence at No. 1981–0019.