513 A.2d 990

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Matthew BULLICKI.**

Superior Court of Pennsylvania.

Submitted Dec. 18, 1985.

Filed Aug. 5, 1986.

---

**7.** It is not intended that the above quote from scripture be a legally binding precedent of this Court.

Eric B. Henson, Deputy District Attorney, Philadelphia, for Com., appellant.

Nancy D. Wasser, Philadelphia, for appellee.

Before BROSKY, McEWEN and HESTER, JJ.

HESTER, Judge:

This is an appeal by the Commonwealth from judgment of sentence of eight months to twenty-three and one-half months imprisonment, to be followed by eight years probation, imposed following appellee's non-jury conviction of attempted burglary. The Commonwealth argues that the sentencing judge unreasonably deviated from the sentencing guidelines, failing to consider the totality of the circumstances, in imposing a sentence which was seventeen months below the guideline range. We agree, vacate the judgment of sentence and remand for resentencing within the range of the guidelines.

On May 4, 1983, at approximately 3:00 A.M., Philadelphia Police Officer Frank Ruditis observed appellee standing on two cinder blocks, holding on to the window screen of an apartment, evidently attempting to gain entry. Appellee approached Officer Ruditis and explained that he was merely talking to his girlfriend. When Officer Ruditis checked with the resident of the apartment, the resident stated that she did not know appellee, and had not given him permission to enter her apartment. Appellee was thereupon arrested and charged with attempted burglary. Following appellee's conviction in a non-jury trial, the trial judge retired and appellee was sentenced by a different judge. The Commonwealth filed a petition to reconsider sentence which was denied without a hearing and the Commonwealth filed this timely appeal.

When reviewing a sentence, we must consider 1) the nature and circumstance of the offense and the defendant's history and characteristics; 2) the sentencing court's observations of the defendant and the presentence report; 3) the sentencing court's findings; and 4) the sentencing guidelines. 42 Pa.C.S. § 9781(d).

As to the first factor, the sentencing court considered and enumerated mitigating circumstances related to the offense and the defendant's history; these factors were based on a psychiatric report and a presentence report. The court was advised of his family background, his military record which included service in Vietnam, his good behavior for three years while on parole, his present family situation with responsibility for two children, the fact that he had a job, the absence of any violence in his record, psychiatric treatment which he had received for a "peeping Tom" problem, and the fact that he would still be facing sentencing on his parole violation inasmuch as the instant offense constituted a violation of parole.

Countering those favorable considerations, however, is the fact that appellee had at least thirteen prior convictions including at least two for burglary. In reference to this wholesale record, the presentence investigator noted that

prior short periods of incarceration had not deterred the defendant from engaging in criminal activity. The evaluative summary continued, "It should be noted that in his previous contacts with the Courts, attempts were made to provide the [defendant] with the resources to help himself. It is apparent that these attempts were fruitless." N.T., March 6, 1984, at 29. The defendant's prior record was characterized as lengthy, spanning several decades. The sentencing judge's reaction thereto was to state that the "record, while numerically extensive, for the most part involved misdemeanor offenses." Slip op., June 20, 1985, at 4.

■ The trial judge, due to his retirement, did not sentence the defendant. As a result, many of the factors justifying the deference normally accorded the sentencing court are not present in this case. *See Commonwealth v. Scatena,* 332 Pa.Super. 415, 443, 481 A.2d 855, 869 (1984), *rev'd on other grounds,* 508 Pa. 512, 498 A.2d 1314 (1985); *Commonwealth v. McCall,* 320 Pa.Super. 473, 482, 467 A.2d 631, 635 (1983) ["imposition of sentence is a matter more suitable for trial judges in light of their extensive exposure to the nature of the crime, the defendant's character (whether he displays remorse, defiance or indifference), and both prosecution and defense witnesses"]; *Commonwealth v. Long,* 310 Pa.Super. 339, 348, 456 A.2d 641, 646 (1983); *Commonwealth v. Kalson,* 301 Pa.Super. 31, 35, 446 A.2d 1320, 1322 (1982). Although we did not observe the defendant at the sentencing hearing, we are otherwise in the same position as the sentencing judge: we were absent from the trial and must rely on the transcribed notes of testimony, the presentence report, and other documents which constitute the record in this case. Thus, we view this as a case in which a sentence outside the guidelines requires unusually strong support since it is not based on the extensive trial exposure normally possessed by the sentencing judge. *See* 42 Pa.C.S. § 9751.

■ In considering the findings upon which the sentence was based, 42 Pa.C.S. § 9781(d)(3), it appears that the defendant's commission of this attempted burglary while on

parole was deemed to be a factor justifying a sentence below the guidelines. We do not regard the fact that the defendant "was facing additional incarceration" as a consequence of the parole violation, slip op., June 20, 1985, at 5, to be a mitigating factor, particularly in view of the judge's pronouncement at the sentencing hearing that "this Court does not take lightly to those who violate the terms of this Court's probation and parole." N.T., March 6, 1984, at 39.

After imposing sentence for the defendant's fourteenth conviction, the judge stated, "this Court would take a dim view to any further criminal activity for any reason whatsoever." *Id.* at 38. The eight-month sentence, well below the guidelines, is to be vacated for resentencing if it is unreasonable. 42 Pa.C.S. § 9781(c)(3). We deem it unreasonable to impose a sentence seventeen months less than the mitigated guideline range for the fourteenth offense while implying that a *fifteenth* offense would deserve harsh treatment.

Accordingly, we vacate judgment of sentence and remand for sentencing within the range of the guidelines. Jurisdiction is relinquished.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

42 Pa.C.S. § 9781(c) provides: "The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds ... (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." It is clear that the sentencing court sentenced outside the guidelines (below the mitigated minimum range) in the case before us. The majority also finds, however, that the sentence is "unreasonable". I cannot agree, and I therefore dissent.

42 Pa.C.S. § 9721 provides: "In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select one or more of the following alternatives ... (1) An order of probation, (2) A determination of guilt without

further penalty, (3) Partial confinement, (4) Total confinement, (5) A fine.... In selecting from the alternatives set forth ... the sentence imposed should call for confinement that is consistent with the protection of the public, *the gravity of the offense as it relates to the impact on the life of the victim and on the community,* and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing...." (Emphasis added.)

In the case before us, the trial court stated its reasons for the sentence on the record. The circumstances surrounding appellee's arrest, plus his prior history of being a "peeping tom", indicate the possibility that he was not attempting to actually gain entry to the premises in question, but was engaging in a crime with considerably less impact on the community or on any one individual than the crime of burglary would have. The sentencing court noted that although the record was sufficient to support an attempted burglary conviction, the facts could also have led to the conclusion that appellant was being a "peeping tom" on the occasion in question. The court felt that the facts and circumstances of the offense "were not of such a serious nature as to warrant further incarceration." The court obviously imposed a sentence which it believed was consistent with the protection of the public and the gravity of the offense as related to the impact on the victim and the community, after taking into account the sentencing guidelines.

42 Pa.C.S. § 9781(d) provides: "In reviewing the record the appellate court shall have regard for: (1) The nature and circumstances of the offense and the history and characteristics of the defendant, (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation, (3) The findings upon which the sentence was based, (4) The guidelines promulgated by the commission." As noted previously, the circumstances of the offense along with appellee's prior history do not indicate that a serious crime was about to take place. Certainly no great harm had been done at the time appellee was apprehended, as the victim was not even aware of appellee's

presence and had no opportunity to become alarmed. Although the sentencing judge did not preside at appellee's trial, I cannot agree with the majority's view that we are in practically the same position as the sentencing judge, who I believe was in a much better position than we are to evaluate appellee's character and whether or not appellee displayed remorse, defiance, or indifference. See *Commonwealth v. McCall*, 320 Pa.Super. 473, 482, 467 A.2d 631, 635 (1983). Although the record contains various findings upon which the sentence was based, the majority focuses on the sentencing court's unwillingness to impose additional prison time in the face of the additional incarceration appellee would be receiving for violation of parole.

"Where the statute under which a defendant is convicted carries no specified penalty, sentencing is a matter within the sound discretion of the trial judge, whose determination will not be disturbed absent an abuse of that discretion." *Commonwealth v. Bedleyoung*, 319 Pa.Super. 323, 331, 466 A.2d 180, 184 (1983). I believe that the majority is giving insufficient consideration to the first three factors of 42 Pa.C.S. § 9781(d), undue weight to the guidelines, and no discretion to the lower court. I do not believe that the sentence imposed was "unreasonable", and I would therefore affirm the judgment of sentence.