439 A.2d 812

**COMMONWEALTH of Pennsylvania**

**v.**

**Daniel HADOVANIC, Appellant.**

Superior Court of Pennsylvania.

Submitted May 20, 1981.

Filed Jan. 8, 1982.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, POPOVICH and DiSALLE, JJ.

POPOVICH, Judge:

Appellant, Daniel Hadovanic, was found guilty by a jury of numerous counts of rape, statutory rape, corruption of a minor, involuntary deviate sexual intercourse, incest, indecent assault and criminal solicitation. After post-trial motions were denied and sentence imposed, appellant appealed to this Court, which affirmed the judgment of sentence in a Memorandum Opinion filed May 31, 1979, at No. 603 April Term, 1978, 268 Pa.Super. 630, 413 A.2d 1136. Thereafter, appellant, represented by counsel other than trial counsel, filed a Post-Conviction Hearing Act[1] (PCHA) petition alleging that (private) trial counsel was ineffective for neglecting to inform him of the result of his direct appeal and for failing to assert a violation by the Commonwealth of his right to a trial within 180 days as embodied in Pa.R.Crim.P.

1. The Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq. as amended,* 19 P.S. § 1180–1 *et seq., repealed* by Section 2(a) [1397] of the Act of April 28, 1978, P.L. 202, No. 53, repeal effective June 27, 1980, *as amended* by Section 1 of the Act of June 26, 1980, P.L. 265, No. 77, § 2, delaying repeal until June 27, 1981.

1100. After the conducting of a hearing on appellant's claims, the Hon. John W. O'Brien granted appellant the right to appeal *nunc pro tunc* to our Supreme Court for review of this Court's affirmance of the judgment of sentence,[2] but denied the latter relief requested.

On appeal, appellant claims that trial counsel was ineffective for failing to advise him of "the ramifications of signing a waiver of Rule 1100"; and "had counsel informed him of the consequences of signing the waiver . . ., he would not have done so." (Appellant's Brief at 7) Moreover, appellant contends that a Rule 1100 violation existed and his counsel, therefore, was ineffective for not raising it. *Id.* at 9.

As to the first prong of appellant's contention, the record evidences an exchange involving the appellant, his counsel and the trial judge which belies such averment; to-wit:

"[Appellant's Counsel:]

Q  You understand that your trial was set for September —rather, July 15, 1977?

[Appellant:]

A  Yes.

Q  We have prepared a petition for continuance, an application for postponement and a petition for continuance, both of which you have consented to, setting the trial date for September 21, 1977?

A  Yes, I do.

Q  You understand, under the Rule 1100 of the Pennsylvania Rules of Criminal Procedure, you have the right to go to trial within 180 days from the original date? You understand that?

A  Yes, I do.

Q  And that by executing these documents, we are waiving that 180-day rule. You understand that?

2.  A Petition for Allowance of Appeal to the Supreme Court was filed on April 25, 1980, at No. 124 W.D. Miscellaneous Docket, 1980, and denied by the Court on November 14, 1980.

A   Yes, I do.

Q   Have you consented and executed both petition for continuance and the application for postponement?

A   Yes, I have.

[Appellant's Counsel]:   Does the Court wish to ask any questions of Mr. Hadovanic?

\*   \*   \*   \*   \*   \*

THE COURT:   Now, you are waiving your rights under Rule 1100, that is, the 180-day rule right to speedy trial, which every person has.   Is that correct?

THE DEFENDANT:   Yes.

THE COURT:   May I see the forms?   Did you sign them, Mr. Hadovanic?

THE DEFENDANT:   Yes, I did sign them.

THE COURT:   Were they explained to you both by the District Attorney—

THE DEFENDANT:   They were explained to me by my attorney."

(N.T. 7/12/77, at 13–14, 16)

■   At the PCHA hearing, appellant presented no evidence whatsoever to substantiate the claim that his Rule 1100 waiver was anything but a knowing, intelligent and voluntary[3] one.   See *Commonwealth v. Garcia*, 478 Pa. 406, 417, 387 A.2d 46, 52 (1978) ("Counsel's representation is presumed to be competent and the defendant has the burden to show otherwise.   *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).")

■   Moreover, in this Commonwealth, a Rule 1100 waiver is formally valid if either the colloquy or the signed

---

3.   Appellant, for the first time on appeal, makes the bald assertion that "because counsel had coerced [him] to waive this [Rule 1100] right some two months earlier[,]" (see Appellant's Brief at 10), the waiver was invalid and counsel was ineffective as a result thereof. Appellant's failure to raise such *theory* in his PCHA petition as a basis for relief precludes him from raising it now.   See *Commonwealth v. Polof*, 238 Pa.Super. 565, 362 A.2d 427 (1976).

statement indicate an informed and voluntary waiver. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976). Therefore, given the existence of the colloquy cited supra, as well as record evidence of a signed "Petition for Continuance" by the appellant and his counsel (Record No. 13), we find no reason to hold that the waiver was improper. See *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979).

Lastly, appellant avers that Rule 1100 violations occurred in his case, and that counsel's failure to argue same to the court below renders him ineffective. We find otherwise.

The record discloses, and the lower court found, that the complaint in this case was filed on February 11, 1977. On July 12, 1977, prior to the expiration of 180 days, *both appellant and his trial counsel* made a written application for postponement of the trial until September 21, 1977, when, in fact, trial did commence. The postponement of the trial was necessitated by counsel being outside the Commonwealth until September 1, 1977. The trial court advised the appellant that he could seek new counsel if he wished, so the trial need not be postponed. Appellant declined the offer and stated that he wished to retain present counsel. Thus, the continuance was granted at appellant's behest. He cannot argue now that such action should never have been undertaken by his attorney, and that the delay in the trial violated his right to a speedy trial under Rule 1100.

Since we have already ruled on the validity of appellant's waiver of his Rule 1100 rights, and no other evidence has been proffered by the appellant to undermine the propriety of such waiver, no reason exists to overturn the PCHA court's denial of appellant's requested relief.

Order affirmed.

Decision was rendered prior to DiSALLE, J., leaving the bench of the Superior Court.