449 A.2d 690

**COMMONWEALTH of Pennsylvania**

v.

**Richard WALLS, Appellant.**

Superior Court of Pennsylvania.

Argued March 31, 1982.

Filed Aug. 13, 1982.

Petition for Allowance of Appeal
Denied Jan. 31, 1983.

Francis M. Walsh, Assistant Public Defender, Norristown, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by the appellant, Richard Walls, from the judgments of sentence entered by the Court of Common Pleas of Montgomery County. We affirm in part and vacate in part.

On appeal, appellant raises issues concerning: 1) violation of his right to a speedy trial under Pa.R.Crim.P. 1100; and 2) the propriety of the sentences imposed by the court below.

In reviewing the legitimacy of the Rule 1100 claim, a recounting of the facts is necessary. On March 13, 1980, as a result of an incident at the Girard Bank in Bala-Cynwyd, Pa., a complaint was filed against the appellant charging him with Robbery,[1] Criminal Conspiracy,[2] Theft,[3] Receiving

1. 18 Pa.C.S.A. § 3701.

2. *Id.* at § 903.

3. *Id.* at § 3921.

Stolen Property,[4] Possessing Instruments of Crime,[5] Prohibited Offensive Weapons,[6] Firearms not to be Carried Without a License,[7] Convict not to Carry Firearm,[8] Recklessly Endangering Another Person,[9] Terroristic Threats [10] and Simple Assault.[11] Appellant was arrested the same day, along with his cohort (Richard Hardy), for the commission of the aforementioned crimes. Given the date the complaint was issued, appellant was to be tried by September 9, 1980.[12] However, the record indicates that appellant's trial did not commence until September 18, 1980, nine (9) days after the run date. Such delay in prosecuting the accused is not *per se* fatal, provided, of course, the Commonwealth establishes that it exercised due diligence in bringing the appellant to trial. Proof of compliance with the due diligence standard must appear *on the record*, and failure to adhere to such requirement will justify the dismissal of the case with prejudice. This procedural requirement was enunciated by our Supreme Court in *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), wherein the Court stated in unequivocal terms:

4.  *Id.* at § 3925.

5.  *Id.* at § 907.

6.  *Id.* at § 908.

7.  *Id.* at § 6106.

8.  *Id.* at § 6105.

9.  *Id.* at § 2705.

10.  *Id.* at § 2706.

11.  *Id.* at § 2701.

12.  Our calculation is made in accordance with 1 Pa.C.S.A. § 1908 (Supp.1964–81) which mandates exclusion of the first day and inclusion of the last. *See Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977).

"Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Id.*, 469 Pa. at 222, 364 A.2d at 1349–50.

■ Our review of the record indicates that appellant was arraigned on May 5, 1980, and that the case was listed for trial on June 5, 1980. However, on June 6th, the Commonwealth filed a Petition to Consolidate appellant's case with that of his codefendant Hardy. In the record appears a form petition, captioned "Motion For Trial Postponement," which reads in relevant part:

"I. Motion is hereby made to postpone the above captioned case for the following reason(s): Pending Judge Vogel's decision on Commonwealth's motion to consolidate with Com v. Hardy

| /s/ Henry Schireson | 7–22–80 | Com. |
|---|---|---|
| Sign. of Applying Counsel | Date | Representing |

**A N S W E R**

II. The above motion is (opposed/not opposed) for the following reason(s):

| /s/ Abraham H. Hobson | 7–22–80 | Defendant |
|---|---|---|
| Sign. of Opposing Counsel | Date | Representing |

\* \* \* \*

IV. AND NOW, this 23 day of July 1980, the Motion is granted and the Court Administrator is directed to reactivate this case for trial on the 18th day of August 1980, this case must be tried within 120 days from the date of this order.

By The Court:

/s/ Lawrence A Brown

Judge"

Based on the lower court's grant of the aforecited Motion, which was unopposed by the appellant's counsel, the accused did not have to be brought to trial until November 20, 1980. *See generally Commonwealth v. Hadovanic*, 294 Pa.Super. 185, 439 A.2d 812 (1982). From such conduct, "we can infer . . . that he [counsel] 'gave the appearance of approval to the court's scheduling of . . . the trial[ ] . . . [as late as

November 20, 1980, which would have been] beyond the time limits set forth in Pa.R.Crim.P. 1100(e). Accordingly, we hold that appellant may not now complain that Rule 1100(e) was violated.'" (Citation omitted) *Commonwealth v. Lee,* 297 Pa.Super. 216, 234, 443 A.2d 804, 812 (1982). Moreover, the record indicates that the Commonwealth filed a Petition for Extension on September 9, 1980, the 180th day after the filing of the complaint, which, after a hearing, was granted by the court on September 18, 1980.[13]

At said proceeding, court personnel testified to the backlog of cases that precluded the scheduling of appellant's trial sooner than September 18, 1980. Additionally, the assistant district attorney in charge of assigning the criminal cases testified that during the month of August, 1980, "there was a backlog of three hundred and some cases" in the office. (N.T. 9/18/80, at 12) Furthermore, the first assistant district attorney of Montgomery County took the stand and recounted that due to the number of cases being handled by his staff, coupled with the fact that only one judge was available to hear cases in the month of August, 1980, *id.* at 42, as well as the number of cases preceding the appellant's in order of priority (30), it would have made no difference to whom he had assigned prosecution of the case at bar, litigation would not have commenced sooner than September 15, 1980.

**13.** We note, although not dispositive of the case here, that the Commonwealth filed its petition for extension within the 180-day period, but that the court did not hold a hearing on it until after the period had run. We again must disapprove of this practice. As we stated in the past: " 'The risk is obvious: if the court denied the extension after the period has run, the Commonwealth is prevented from bringing the accused to trial. If the petition is denied promptly, the Commonwealth may nonetheless be able to try the accused within the period.' " (Citation omitted) *Commonwealth v. Metzgar,* 249 Pa.Super. 107, 110 n. 2, 375 A.2d 781, 783 n. 2 (1977). Also, "[w]hile the record in the instant case does not disclose why the Commonwealth's petition was scheduled to be heard [nine (9) days] after the run date, appellant does not allege, nor does the record reveal that he was prejudiced by the court's action. Therefore, under these circumstances, this Court need not inquire further[, than it already has,] into the reasons for the delay." *Commonwealth v. Fairley,* 298 Pa.Super. 236, 242, 444 A.2d 748, 751 (1982).

■ Also, a court employee for the prothonotary of Montgomery County, responsible for the listing of criminal trials and assigning them to the available judges, testified that appellant's case was first listed for trial on June 5, 1980 and was placed on standby on July 21, 1980—a courtroom would have been available within the next day or two. However, the Commonwealth filed a motion for a continuance on July 22, 1980, reproduced *supra*, which was not opposed by appellant's counsel at a hearing held thereon. The case was continued to August 18, 1980, with the possibility that the case did not have to be tried until 120 days from the date the order granting the continuance was entered, i.e., July 23, 1980. This same employee stated the number of judges available to hear criminal cases between August 18th and September 15, 1980, and that the backlog during this period prevented appellant's case from being heard prior to September 15th. Based on our review of the record, we find that the Commonwealth established, by a preponderance of the evidence, that it exercised due diligence in bringing the appellant to trial. *Commonwealth v. Mayfield, supra.*

We now direct our attention to the last averment, which is stated by the appellant as follows: "[ (1) ] The Court erred in imposing suspended sentence[s] on theft, recklessly endangering another person, and 'terroristic threats because these offenses merge with the robbery conviction[; and (2) ] The Court erred in imposing suspended sentence[s] on possessing instruments of crime and prohibited offensive weapons because these convictions are barred by 18 Pa.C.S.A. § 906." (Appellant's Brief at 6)

Initially, we point out that after the trial by jury, the appellant was found guilty of all charges, save for simple assault. After a pre-sentence report was filed, the trial court sentenced the accused on January 9, 1981, to two concurrent terms of ten (10) to twenty (20) years imprisonment for robbery and criminal conspiracy. As for the other convictions, the court suspended sentence. Thereafter, on

February 5, 1981, an appeal from the judgments of sentence was filed by the appellant with this Court.[14]

■ Procedurally, we observe that subsequent to the taking of the instant appeal, appellant filed a petition for reconsideration of sentence with the court below. A hearing was held on said petition on April 10, 1981, but no action was taken by the court at that time. Nonetheless, we find it necessary to mention that in the absence of the lower court vacating the judgments of sentence, either in connection with granting the petition for modification or in order to have additional time within which to consider the petition, it lacked jurisdiction to convene a hearing to review the merits of appellant's modification of sentence petition over three (3) months after the appeal in question was filed. *Commonwealth v. Corson*, 298 Pa.Super. 51, 444 A.2d 170 (1982); *accord Commonwealth v. Thomas*, 301 Pa.Super. 333, 447 A.2d 994.

Before addressing appellant's sentencing arguments, we need to recount the facts prompting the filing of the charges at issue here. On the morning of March 13, 1980, the Girard Bank, located in Bala-Cynwyd, Pa., was robbed of $7,429.00. At trial, some of the bank's employees who witnessed the incident testified that three black males, all of whom were wearing ski masks, entered the establishment and announced that a robbery was taking place. In particular, Barbara Clapper, the head teller, remarked how the second man out of the trio, whom she positively identified as the appellant, told her that if she did not get away from the phone he would blow her head off. Because the appellant had a sawed-off shotgun pointed at her face, the witness did as she was told. Only three other employees testified to the incident in question (Janet Bennett—customer service representative; Denise Matthews—a teller; and Gary Townsend—security guard), and, out of that group, only the

14. For edification purposes, we note that, "[a]s to the propriety of inquiring into the validity of the sentence, . . . the legality of the sentence is never waived, despite the fact that it was not raised in the court below." (Citations omitted) *Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 246, 441 A.2d 750, 752 (1982).

security guard stated he was threatened with physical harm by one of the culprits, other than the appellant, if he did not relinquish his weapon and lie on the floor. The remaining portion of the Commonwealth's case dealt with the manner in which the robbers were apprehended and how the evidence was secured to incriminate the appellant.

Having reconstructed the facts relevant to examining appellant's sentencing arguments, we can now proceed to the first prong of such averment, i.e., whether certain of the offenses charged—theft, recklessly endangering another person and terroristic threats—merge with the robbery conviction.

The Commonwealth urges that because the offenses alleged to have merged with the robbery conviction resulted in the entry of "suspended sentences," "vacating the suspended sentences would serve no useful purpose, nor would any benefit inure to appellant." (Commonwealth's Brief at 4) We disagree.

To begin with, the courts of this Commonwealth have recognized that the conviction for which a judgment of sentence has been suspended is appealable. *See Commonwealth v. Elias*, 394 Pa. 639, 642, 149 A.2d 53, 55 (1959) (citing cases); *Commonwealth v. Meszaros*, 194 Pa.Super. 462, 466, 168 A.2d 781, 783 (1961); *Commonwealth v. Tluchak*, 166 Pa.Super. 16, 21, 70 A.2d 657, 660 (1950). Next, we examine the test for merger of offenses, as stated in *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 104–105, 21 A.2d 920, 921 (1941):

> "The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime necessarily involves another, as for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when 'transaction' means a single act. When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged.

> Two crimes may be successive steps in one crime and therefore merge, as, e.g., larceny is merged in robbery, and assault and battery is merged in murder, or they may be two distinct crimes which do not merge." (Emphasis in original)

Thus, if one crime necessarily involves another the two offenses merge. *Id.* Moreover, it is well settled that for one crime necessarily to involve another, the essential elements of one must be the essential elements of the other. *Commonwealth v. Olsen*, 247 Pa.Super. 513, 372 A.2d 1207 (1977). "That is, if no additional facts are needed to prove the additional offense, it merges into the primary offense for sentencing purposes. Only one sentence may therefore be imposed." (Citations omitted) *Commonwealth v. Eberts*, 282 Pa.Super. 354, 358, 422 A.2d 1154, 1155–56 (1980).

In applying the aforesaid precepts instantly, we start with the proposition that in order to obtain a conviction for robbery, the Commonwealth must prove that a person, in the course of committing a theft,

> "(a)(1) . . .
>
> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;" 18 Pa.C.S.A. § 3701(a)(1)(ii) (Supp.1982–83).

Next, we see that the crime of recklessly endangering another person is committed if a person "recklessly engages in conduct which places or may place another person in fear of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

Also, in the process of perpetrating a theft, herein stealing money from the Girard Bank, the appellant threatened Barbara Clapper with immediate serious bodily harm, specifically by the use of a sawed-off shotgun. The aforecited facts establish the necessary elements for the offense of robbery as stated *supra*. In order to prove that appellant engaged in conduct which recklessly placed another in danger of death or serious bodily injury, these exact facts must be considered. That is, no additional facts need exist, or are necessary, to prove that appellant recklessly endangered

another's life. *Commonwealth v. Eberts, supra; Commonwealth v. Jackson*, 271 Pa.Super. 131, 412 A.2d 610 (1979).

■ Here, inasmuch as the facts presented to establish the offense of recklessly endangering another person were the same as those necessary to prove the commission of a robbery, and since theft is a lesser included offense under the robbery indictment, *see* 18 Pa.C.S.A. § 3701(a)(1) (Supp. 1982–83); *Commonwealth v. Stevens*, 237 Pa.Super. 457, 352 A.2d 509 (1975), we find that appellant's convictions for robbery, recklessly endangering another person and theft resulted from the same unlawful acts.

As for the offense of terroristic threats, with which the appellant was also charged and convicted, we likewise conclude that this offense merges with robbery. A person commits the crime of terroristic threats "if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience." 18 Pa.C.S.A. § 2706. In the case at bar, from the evidence presented, appellant's threats were aimed at Ms. Clapper in directing her to release the phone in her hand or she would suffer the consequences of being injured with the weapon appellant had pointed at her face. Thus, from our review of the record, there are no additional facts with which to support the terroristic threat charge other than those facts which substantiated, and were part and parcel of, the robbery charge as to this victim, i.e., threatening her with a gun in the course of committing a theft. *See Commonwealth v. Bryant*, 282 Pa.Super. 600, 423 A.2d 407 (1980).

■ While one unlawful act may constitute more than one crime, appellant cannot be punished twice, or as in this instance four times, for the same act. *Commonwealth v. Bryant, supra.* Although we can sustain appellant's convic-

tions on robbery, theft, recklessly endangering another person and terroristic threats, we can only sentence appellant, based on the particular facts here, on one count.

As we have stated in the past, where a case requires a correction of a sentence, this court has the option of either remanding for resentencing, or amending the sentence directly. *Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 441 A.2d 750 (1982); *Commonwealth v. Eberts, supra.* In the case at bar, since appellant's sentence for robbery was ten to twenty years, with sentence on the remaining charges being suspended, we find no need to remand to the lower court for resentencing. Rather, we will affirm the judgment of sentence for robbery and vacate the suspended sentences as to theft, recklessly endangering another person and terroristic threats. *See Commonwealth v. Bryant, supra.*

The second prong of appellant's attack on the sentences imposed concerns the claim that issuance of suspended sentences on the offenses of possessing instruments of crime and prohibited offensive weapons were illegal, as in direct violation of 18 Pa.C.S.A. § 906, which provides:

"A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime."

On this point, it is to be remembered that Ms. Clapper testified that when she first saw the appellant he had a sawed-off shotgun aimed at her face and that he threatened her with serious bodily injury. (N.T. 9/18/80, at 25 & 32) Then, appellant and his partners emptied out the cash drawers of their content and left the bank. Thus, under Ms. Clapper's version of the robbery, the weapon possessed and used by the appellant to place her in fear of serious bodily injury, as well as to facilitate the commission of the robbery, was a sawed-off shotgun. It is clear from the evidence adduced at trial, that appellant "possesse[d] an[ ] instrument

of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a) & (c)(1). As a result, the evidence was sufficient in law to support the verdict of guilty on that count. *See generally Commonwealth v. Sample*, 270 Pa.Super. 47, 410 A.2d 889 (1979). However, the same result does not obtain for the conviction on the charge of possession of a prohibited offensive weapon. To elucidate, to be found guilty of such offense, the Commonwealth need only establish: 1) that the accused was found in "possess[ion] of any offensive weapon;" and 2) that a sawed-off shotgun is an "offensive weapon," which it is under 18 Pa.C.S.A. § 908(c). These same two elements make up a violation of Section 907, requiring the Commonwealth only to prove the additional element that the accused possessed the item in question "with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). Therefore, when the Commonwealth established the elements constituting a violation of Section 907(a), it had also proven a violation of Section 908. Consequently, under the unique facts of this case, both offenses were perpetrated with one objective in mind—robbery of the Girard Bank—and therefore merge for sentencing purposes under the mandate of 18 Pa.C.S.A. § 906.

Given the error committed by the sentencing court, we, as stated *supra*, have the authority to amend the sentence on appeal and we opt to do so. *Commonwealth v. Von Aczel, supra*. Since suspended sentences were entered for both offenses and the two are also misdemeanors of the first degree, each carrying a possible term of imprisonment of up to five (5) years, 18 Pa.C.S.A. § 1104(1), we shall vacate the prohibited offensive weapon's sentence.

Judgments of sentence for robbery and possessing an instrument of crime affirmed. Judgments of sentence entered for theft, recklessly endangering another person, terroristic threats and prohibited offensive weapon are vacated.

WIEAND, J., concurs in the result.