549 A.2d 977

**COMMONWEALTH of Pennsylvania,**

v.

**Timothy ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1988.

Filed Oct. 27, 1988.

Howard Kaiser, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, DEL SOLE and BECK, JJ.

BECK, Judge:

Appellant was found guilty and sentenced on the charge of robbery, a first degree felony, and recklessly endangering another person, a misdemeanor of the second degree. Defendant was also found guilty of conspiracy and simple assault but was not sentenced on those charges. Appellant raises five issues on appeal. As to the first four issues we rely on the excellent opinion of the trial court and affirm on the basis of that opinion.

Appellant's fifth issue raises the question of whether robbery and recklessly endangering another person merge for purposes of sentencing. We note that the trial court, which originally concluded that the offenses did not merge, changed its mind and in its opinion states that it erred and that the two offenses merge for sentencing purposes. We conclude that the appellant and the trial court are correct and that these offenses merge.

In *Commonwealth v. Walls,* 303 Pa.Super. 284, 449 A.2d 690 (1982), appellant claimed that the trial court erred in imposing a suspended sentence for recklessly endangering another person because this offense merged with robbery for sentencing purposes. This court noted that offenses merge for sentencing purposes where one crime necessarily involves another. The section of the robbery statute under which Walls was convicted requires that, in the course of committing a theft, a person "threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.Cons.Stat.Ann. § 3701(a)(1)(ii) (Purdon 1983). The recklessly endangering statute applies where a person "recklessly engages in conduct which places or may place another person in fear of death or serious bodily injury." 18 Pa.Cons.Stat.Ann. § 2705 (Purdon 1983).

Walls had robbed a bank by approaching a teller and pointing a sawed-off shotgun in her face. This single set of facts established the necessary elements for both the offenses of robbery and recklessly endangering another person. The Superior Court therefore concluded that the offenses merged because where "no additional facts are needed to prove the additional offense, it merges into the primary offense for sentencing purposes." 303 Pa.Super. at 294, 449 A.2d at 695.

In the instant case, the pertinent section of the robbery statute provides "a person is guilty of robbery if, in the course of committing a theft, he inflicts serious bodily injury upon another." 18 Pa.C.S.A. § 3701(a)(1)(i) (Purdon 1983). The statute for recklessly endangering another person is the same as that in *Walls.* In the instant case, the bodily injury to the victim occurred when she fell while being swung around as appellant grabbed her handbag. As in *Walls,* this set of facts alone is sufficient to establish the elements of both robbery and recklessly endangering another person. Therefore, under the *Walls* test, these offenses should merge for sentencing purposes.

The issue is whether the *Walls* test has survived the merger standards established in the seminal en banc deci-

sion of *Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d 31 (1985) and its progeny. We find that it does.

The Commonwealth maintains that it does not and relies on the *Williams* doctrine as enunciated in a later and unrelated case, *Commonwealth v. Williams*, 368 Pa.Super. 315, 534 A.2d 101 (1987), (*Williams II*). *Williams II* holds that offenses do not merge for sentencing purposes unless: (1) one crime necessarily involves the other; and (2) the statutes involved protect substantially similar interests. In *Williams II*, the appellant grabbed his victim from behind, threw her to the ground, beat her severely, and attempted to rob her. In *Williams II* appellant argued that his convictions for aggravated assault and attempted robbery should merge for sentencing purposes. A panel of this court concluded that the two offenses did not merge because the type of physical harm which the aggravated assault statute is meant to protect against is not the same as that provided under the physical harm element of the robbery statute. The panel quoted with approval the reasoning employed in *Commonwealth v. Taylor*, 362 Pa.Super. 408, 524 A.2d 942 (1987):

> We agree with the court in *Commonwealth v. Adams*, [citations omitted] that the harm against which the Legislature intended to protect by enacting the aggravated assault statute is part of the same harm against which the robbery statute is intended to protect, i.e. protection against infliction of bodily injury. *However, we also recognize that the robbery statute more specifically intends to punish those who threaten violence or resort to violent means in order to accomplish their goal of theft....* The rule of merger is not to be mechanically applied. After careful scrutiny of the particular facts of the case presently before the court, we decline to subsume a severe assault into a relatively minor robbery. By making the infliction of bodily harm an element of robbery, the Legislature could not have intended to prevent sentencing courts from directly punishing those who commit vicious and prolonged assaults. [368] Pa.Super. at [321–22], 534 A.2d at 103–4 (emphasis added).

The instant case is readily distinguishable from *Williams II.* The physical harm caused to the victim is inseparable from the robbery itself. It was part of the act of robbery. Unlike the vicious, deliberate beating received by the victim in *Williams II* prior to an attempted robbery, the victim in the instant case was injured when she was knocked to the ground in the course of the robbery. This type of injury in the course of a robbery appears to be precisely the type of injury which prompted the legislature to include the infliction of bodily harm as an element of robbery.

In the instant case the same set of facts is necessary to establish both the elements of robbery and of recklessly endangering another person. Additionally, the interest which the recklessly endangering statute seeks to protect is also provided for in the robbery statute. Therefore, we conclude that both prongs of the *Williams II* merger test have been satisfied.

Under the law of the Commonwealth of Pennsylvania, this court is not required to remand for resentencing, but can correct the sentence where to do so clearly reflects the intention of the trial court. *Walls, supra.*

Therefore, we vacate the sentence for recklessly endangering another person and affirm the sentence for robbery, a felony of the first degree.