487 A.2d 923

**COMMONWEALTH of Pennsylvania**

v.

**Antonio Andeona RIVERA, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1984.

Filed Jan. 18, 1985.

John D. Finchbaugh, Assistant Public Defender, York, for appellant.

Sheryl A. Dorney, First Assistant District Attorney, York, for Commonwealth, appellee.

Before SPAETH, President Judge, and CIRILLO and CERCONE, JJ.

PER CURIAM:

On August 12, 1982, appellant failed to return to the York County Prison where he was on work outmate status and was charged with escape. He was arrested four days later. Appellant entered a guilty plea and was sentenced to three (3) to six (6) years incarceration. His petition for reconsideration was denied and he has taken this appeal.

Appellant was sentenced under the new Sentencing Guidelines, 42 Pa.C.S.A. § 9721, 204 Pa.Code Ch. 303 (effective July 22, 1982). He had a prior record consisting of burglary, receiving stolen property and a previous charge of escape. Considering the offense gravity score of 7 for escape and the prior record score of 4,[1] the minimum range under the guidelines was 33 to 49 months. The sentence imposed fell within this range. However, appellant argues that the court abused its discretion in two respects. First, it is claimed that the court failed to consider appellant's background and the circumstances of the case. Next, he argues that the sentence exceeds the minimum amount of jail time consistent with the protection of the public and appellant's rehabilitative needs.

In *Commonwealth v. Royer*, 328 Pa.Superior Ct. 60, 476 A.2d 453 (1984), a panel of this court explicitly found that the requirement, announced in *Commonwealth v. Riggins*, 472 Pa. 115, 377 A.2d 140 (1977), that the sentencing court must articulate at the time of sentencing the reasons for the sentence imposed, was applicable to cases arising under the guidelines promulgated by the Pennsylvania Commission on Sentencing.[2]

In imposing sentence the court did review appellant's prior criminal involvement, as well as the circumstances of the present charge of escape. Appellant claimed to have left detention because he had received word that his mother in Puerto Rico was ill; he subsequently learned that she had passed away. He was re-captured in York County only after the police fired shots to stop him. He had attempted to justify his prior escape by claiming he wished to attend his grandmother's funeral. The court finding that appellant had a poor work history and no job possibilities found

1. We must disagree with the Commonwealth's brief that the prior record score was three (3). Both the pre-sentence report and the notes of testimony of the sentencing clearly indicate appellant had three prior offenses: one burglary and two felony III's (receiving stolen property and escape).

2. 204 Pa.Code Ch. 303, also reproduced following 42 Pa.C.S.A. § 9721.

no reason to deviate from the standard sentence established by the guidelines.

While it is clear that the court reviewed appellant's background and the circumstances of the case, we must conclude that its statement of reasons is wholly inadequate. The sentencing code requires that a court follow "the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, ... and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). *See Commonwealth v. McCall*, 320 Pa.Superior Ct. 473, 467 A.2d 631 (1983); *Commonwealth v. Brown*, 314 Pa.Superior Ct. 311, 460 A.2d 1155 (1983). The court here did not address such considerations. Where a sentence falls within statutory guidelines, but the court has failed to state, for the record, its reasons, the sentence may be set aside. *Commonwealth v. Knepp*, 307 Pa.Superior Ct. 535, 453 A.2d 1016 (1982).

In the case at hand the court's reference to appellant's work history fell short of that required by *Commonwealth v. Riggins, supra.* Therefore, we must vacate the judgment of sentence and remand for resentencing.

Judgment of sentence is vacated and the case is remanded for resentencing. We do not retain jurisdiction.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent.

In Pennsylvania, trial judges are vested with broad sentencing discretion. Absent an abuse of that discretion, we will not interfere with the trial court's decision. *Commonwealth v. Black*, 321 Pa.Super. 44, 467 A.2d 884 (1983). Accordingly, to facilitate our review, there is the requirement that the sentencing court state on the record its reasons for the sentence imposed. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). From the statement of the reasons by the sentencing judge, we may discern "the thought process by which he arrive[d] at a particular

appropriate sentence." *Commonwealth v. O'Brien,* 282 Pa.Super. 193, 196, 422 A.2d 894, 896 (1980).

The preferred mode of establishing for the record a basis for imposing the selected sentence is to specifically refer to the statutory guidelines; however, if upon close review of the record it becomes evident that the court considered and applied the guidelines without specific reference to them, sentence will be upheld. *Commonwealth v. Franklin,* 301 Pa.Super. 17, 446 A.2d 1313 (1982); *Commonwealth v. Wareham,* 259 Pa.Super. 527, 393 A.2d 951 (1978).

*Commonwealth v. McCall,* 320 Pa.Super. 473, 482, 467 A.2d 631, 635 (1983) (Judges Spaeth and Cercone joining).

Upon close review of the *entire* record in this case, I am convinced that the trial court "considered and applied" the considerations of the sentencing code, even though there was no specific reference to them. "In short, we know why appellant is now behind bars." *Commonwealth v. Carter,* 336 Pa.Super. 275, 283, 485 A.2d 802, 806 (1984) (Cirillo, J. dissenting).

I would affirm the judgment of sentence.