509 A.2d 409

**COMMONWEALTH of Pennsylvania**

v.

**John WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 1985.

Filed Feb. 27, 1986.

Reargument Denied May 12, 1986.

208

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BROSKY, ROWLEY and OLSZEWSKI, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from the judgment of sentence entered following appellant's guilty plea to robbery [18 Pa.C.S. § 3701(a)(1)(ii) ], carrying firearms on public streets or public property in Philadelphia [18 Pa.C.S. § 6108], and possession of an instrument of crime [18 Pa.C.S. § 907(a) ]. Appellant was sentenced to 5¼ years to 20 years imprisonment on the robbery charge. The 5¼ year minimum sentence included 24 months pursuant to the deadly weapons enhancement provision of the Sentencing Guidelines. [204 Pa.Code § 303.4]. A consecutive term of 1–2 years imprisonment for possession of an instrument of crime and another consecutive term of 1–2 years imprisonment for carrying firearms on public streets or public property in Philadelphia were also imposed.

Appellant raises two issues on appeal: 1) that the court erred by imposing any sentence for carrying firearms on public streets or public property in Philadelphia because that crime merged with either the crime of robbery or the possession of an instrument of crime; and 2) that the court erred by imposing two consecutive sentences for robbery

and possession of implements of crime because, once the court added a 24 month period of incarceration to his robbery sentence pursuant to the weapons enhancement provision, the other offenses involving the same weapon and the same facts merged with the robbery.[1] We affirm.

■ In *Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d 31 (1985), an *en banc* panel of this Court reassessed the common law doctrine of merger. The Court stated that

> [i]n order to find that separate statutory offenses merge, we must ... determine not only that the crimes arose out of the same criminal act, transaction, or episode, but also that the statutes defining the crimes charged were directed to substantially the same harm or evil.... Obviously if a defendant has committed several discrete criminal acts, he may then be punished separately for each of them despite their close relationship in a single criminal episode, as long as each act is a separate injury in itself.

*Id.*, 344 Pa.Superior Ct. at 126–28, 496 A.2d at 41–42. If the crimes involve separate criminal acts, the first element of the merger test is not satisfied and the crimes do not merge. "Even if the defendant's criminal conduct consists of a single physical act, however, the merger doctrine does not bar separate punishments if there are substantially different interests of the Commonwealth at stake, and the defendant's act has injured each interest." *Id.*, 344 Pa.Superior Ct. at 127–29, 496 A.2d at 42. Thus, application of the merger doctrine is a two step process. First, the court must determine whether more than one discrete criminal act is involved. Secondly, if the defendant committed only one criminal act, the court must then determine whether the Commonwealth had only one interest that was injured by the single criminal act. If more than one Commonwealth interest was injured, the doctrine of merger does not apply.

1. Appellant does not assert that the separate sentences violate the Double Jeopardy Clause of the Pennsylvania or United States Constitution.

■ Determining the Commonwealth's interest which is at stake requires an assessment of the legislative intent in enacting the several statutes defining the crimes of which the defendant has been convicted. This can be accomplished by an analysis of the elements which the legislature has mandated essential to each of the crimes, as well as a consideration of the nature of the harm to which the statutes are directed.

■ The legislature has the exclusive power not only to define criminal offenses in order to protect the Commonwealth, but also to determine the punishment to be imposed for those offenses. *See Williams, Id.,* and cases cited therein, 344 Pa.Superior Ct. at 126–27, 496 A.2d at 41. Therefore, under the common law merger doctrine, if the legislature has authorized duplicitous punishment, sentencing for only one criminal act but under two separate statutory provisions is proper and forecloses the applicability of the merger doctrine.

■ The weapons enhancement provision is not a legislative definition of a criminal offense but is a legislative determination of punishment to be imposed following convictions for certain crimes. The provision prescribes no criminal conduct and does not make the use of a weapon in the commission of certain crimes, including robbery, an element of the crime, but serves only to define the minimum punishment to be imposed when certain crimes are committed. Therefore, it is a legitimate exercise of legislative authority. *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985); *see also Commonwealth v. Cannon,* 508 Pa. 22, 493 A.2d 1356 (1985); *Commonwealth v. Woods,* 508 Pa. 294, 495 A.2d 539 (1985); 42 Pa.C.S. § 9712(b). No merger problem arises when the weapons enhancement provision is applied because it is not a second or separate punishment from that imposed for the underlying offense. It is solely a legislative mandate for a minimum sentence for the underlying offense.

■ In the case before us, appellant entered a bar and ordered a beer. He then pulled a gun, announced a hold up, and demanded money from the barmaid. The barmaid placed the money from the register onto the counter. Appellant ordered the barmaid and a patron at gunpoint into the bathroom. After a few moments, the barmaid came out of the bathroom, saw that the money and appellant were gone, and telephoned the police. Police spotted appellant on the street a few blocks from the bar 45 minutes after the robbery with a gun in his possession. The criminal act giving rise to the charges of (1) robbery, and (2) possession of an instrument of crime was the commission of the robbery with the gun in the bar. The criminal act for which appellant was charged with carrying firearms on public streets or public property in Philadelphia was his possession of the gun while on the public streets in Philadelphia some 45 minutes after completing the robbery in the bar. These facts establish that there were two separate and discrete criminal acts. The former, in the bar, gave rise to two charges: robbery and possession of an instrument of crime. The latter gave rise to one charge: carrying firearms on a public street in Philadelphia. Thus, the charge of carrying a firearm in Philadelphia does not merge with either of the other two charges. Therefore, there is no merit to appellant's first issue.

■ The robbery and possession of implements of a crime charges, although based on the same criminal act, do not merge because the statutes defining each charge were adopted to protect different interests of the Commonwealth. The essential elements of robbery (as charged here) are that a theft be committed and that there be a threat of imminent serious bodily injury. [18 Pa.C.S. § 3701(a)(1)(ii) ]. Thus, the harm against which the statute protects is the deprivation of property by threatened or actual physical harm which may not involve any instrument of crime. The possession of implements of a crime charge, however, requires the possession of certain objects whose primary use is the commission of a crime and the intent to commit such a

crime. By including these elements in the crime, the legislature has indicated that the statute was enacted to protect against the threat that one who possesses certain objects will use them to commit a crime. *See Commonwealth v. Crocker*, 256 Pa.Super. 63, 389 A.2d 601 (1978). The Commonwealth's interest in the right of citizens to be free from the threat that an implement of crime will be used to accomplish a crime is separate from the Commonwealth's interest in protecting individuals from having their property rights jeopardized while being threatened with serious bodily injury. Because the elements of robbery and possessing instruments of crime are different and because the harm to which the statutes defining these crimes is different, we hold that they do not merge. *See Commonwealth v. Walls*, 303 Pa.Super. 284, 449 A.2d 690 (1982) (judgments of sentence for robbery *and* possession of implements of crime affirmed).

Judgment of sentence affirmed.

BROSKY, J., files a concurring and dissenting statement.

BROSKY, Judge, concurring and dissenting:

I fully agree with the majority's discussion and disposition of appellant's first issue. I find merit, however, in appellant's second argument, and I would therefore vacate the sentence for possession of an instrument of crime.

I agree with the majority's statement that "the harm against which the statute protects is the deprivation of property by threatened or actual physical harm which may not involve any instrument of crime;" however, in the case before us, the "threatened or actual physical harm" did in fact involve the possession of an instrument of crime, and the two crimes therefore should merge for sentencing purposes.[1] *Commonwealth v. Williams*, 344 Pa.Super. 108, 133–35, 496 A.2d 31, 45 (1985).

1. Although the majority cites *Commonwealth v. Walls*, 303 Pa.Super. 284, 449 A.2d 690 (1982), for the proposition that these crimes do not merge, *Walls* did not discuss or decide the merger issue now before us.