609 A.2d 1352

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Darryl BROWN.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1992.

Filed May 22, 1992.

Harriet R. Brumberg, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Malcolm W. Berkowitz, Philadelphia, for appellee.

Before CIRILLO, DEL SOLE and KELLY, JJ.

CIRILLO, Judge:

This is a Commonwealth appeal from a judgment of sentence entered in the Court of Common Pleas of Philadelphia. We vacate and remand for resentencing.

Darryl Brown was convicted of aggravated assault and possession of an instrument of crime. 18 Pa.C.S. §§ 2702(a)(1); 907. On January 10, 1989, Brown stabbed his former girlfriend ten times with a dry-wall saw. At the time of the attack the victim was seven months pregnant with Brown's child. Brown entered a guilty plea to both charges.

At sentencing, the court refused to apply the deadly weapon enhancement of the Sentencing Guidelines. *See*

204 Pa.Code § 303.4, reprinted following 42 Pa.C.S. § 9721.[1] The court reasoned that since Brown was sentenced separately for the aggravated assault conviction and the possession of an instrument of crime conviction, the enhancement was prohibited under double jeopardy principles. Pa.Const., Article I, § 10; *Commonwealth v. Burkhardt*, 526 Pa. 341, 586 A.2d 375 (1991). Brown was sentenced to 12 months less one day to 24 months less one day on the aggravated assault conviction, and to 8 months to 16 months for the possession of an instrument of crime conviction.[2] The Commonwealth appealed the judgment of sentence. On February 20, 1991, this court filed an opinion and order vacating and remanding for resentencing. *See Commonwealth v. Brown*, 402 Pa.Super. 369, 587 A.2d 6 (1991).

This court's majority opinion in *Brown*, authored by Judge Popovich, held:

> While we may affirm a sentence that is outside the guidelines provided it is reasonable, 42 Pa.C.S.A. § 9781(c)(3), it is imperative that the sentencing court determine the correct starting point in the guidelines before sentencing outside them.... Instantly, we find that the lower court did not first correctly determine the

---

1. The Sentencing Guidelines provide, at 204 Pa.Code § 303.4(a):

   When the court determines that the defendant possessed a deadly weapon, as defined in 18 Pa.C.S.A. § 2301 (relating to definitions), during the commission of the current conviction offense; at least 12 months and up to 24 months confinement *shall be added to the guidelines sentence range* which would otherwise have been applicable.

   204 Pa.Code § 303.4(a), reprinted following 42 Pa.C.S. § 9721 (emphasis added).

   "Deadly weapon" is defined as

   Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or *any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.* (Emphasis added).

   18 Pa.C.S. § 2301.

2. The sentencing court noted that it fashioned the sentence so that Brown could serve his sentence at the county level; this would permit him to continue his psychotherapy. Apparently, Brown was suffering from anxiety and depression.

appropriate sentence under the guidelines.... If, upon remand, the court finds it appropriate to deviate from the proper sentencing range, it may do so by placing sufficient reasons on the record, subject to later review by this court.... Presently, it is clear that [defendant's] conviction for aggravated assault (causes serious bodily injury), 18 Pa.C.S.A. § 2702(a)(1), carries a gravity offense score of "9," not "8." Thus, it is readily apparent that the trial court did not correctly determine the appropriate sentencing range for [defendant].... **It is also clear that application of the deadly weapon enhancement to appellant's aggravated assault conviction does not violate the principles of double jeopardy....** Moreover, it is important to remember that a sentencing court may, at its discretion, impose a sentence below that suggested by enhanced guidelines ranges....

*Id.,* 402 Pa.Superior Ct. at 372–74, 587 A.2d at 7–9 (citations omitted) (emphasis added).[3]

On April 26, 1991, pursuant to this court's order, the defendant was *resentenced to 20 to 40 months* imprisonment for the aggravated assault conviction; the sentence for the possession of an instrument of crime conviction was "suspended by virtue of merger." The Commonwealth filed a motion for reconsideration of sentence, which was denied. This appeal followed.

Initially, we find that the Commonwealth has raised a substantial question that the sentence imposed is inappropriate under the Sentencing Code,[4] 42 Pa.C.S. § 9781(b);

3. We note that Section 303.4 of the Sentencing Guidelines, entitled "Deadly weapon enhancement," provides that the enhancement *shall not apply to section 2702(a)(4) aggravated assault.* Brown was convicted of aggravated assault under section (a)(1), and therefore the enhancement was applicable to that conviction. *See* 204 Pa.Code § 303.4(b).

4. The Commonwealth's 2119(f) statement provides:
 [D]efendant's sentence was at least nineteen months below the recommended guidelines ranges. Although the lower court's sentence clearly deviated from the sentencing guidelines, the lower court failed to admit it was deviating, offer any reasons for the deviation, or even bother to recite the recommended guideline

Pa.R.A.P. 2119(f), and therefore we agree with the Commonwealth that yet "another round of review" is warranted. *See Commonwealth v. Dotzman*, 403 Pa.Super. 325, 588 A.2d 1312 (1991) (the Commonwealth raised substantial question as to appropriateness of the sentence as a result of the trial court's finding that the deadly weapon enhancement was inapplicable to the defendant, who committed first-degree robbery at knife-point). The Commonwealth raises the following three issues:

1. Did the lower court erroneously construe the sentencing guidelines in concluding that the deadly weapon enhancement provision could not be applied to defendant's aggravated assault sentence if defendant was separately sentenced to possessing an instrument of crime?

2. Did the lower court err in failing to give reasons for its deviation from the recommended guidelines sentence?

3. Was defendant's aggravated assault sentence, nineteen months below the bottom of the recommended guidelines mitigated range, unreasonably lenient under the circumstances of this case?

The Commonwealth argues that the sentencing court, upon remand, ignored the relevant law and the law of the case as stated in this court's February 20, 1991 opinion. On remand, the court imposed the same sentence which had

ranges.... *Commonwealth v. Rich*, 392 Pa.Super. 380, 383, n. 4, 572 A.2d 1283, 1284 n. 4 (1990).... Moreover, the lower court ignored the brutal nature of defendant's aggravated assault ... and disregarded the fact that defendant is not mentally ill, a drug addict, or a product of a disadvantaged background. Rather, in imposing sentence, the court was only concerned with ensuring that defendant would be able to continue seeing his private therapist for his "depression and anxiety." ... Finally, a substantial question warranting this Court's review is also raised by the lower court's erroneous construction of the guidelines. The lower court concluded that defendant's sentence for possession of an instrument of crime merged with the enhanced aggravated assault sentence and suspended sentence on the possession of an instrument of crime charge.... Moreover, the deadly weapon enhancement provision is not even a crime, but a recommended increase in punishment for those who choose to use a weapon to accomplish the underlying offense.

Brief of the Appellant, at pp. 14–15.

been imposed prior to the Commonwealth's first appeal. This, in itself, is neither error nor an abuse of discretion. The sentencing court, however, suspended sentence on the possession of an instrument of crime conviction, concluding that it "merged" into the enhanced aggravated assault conviction.

In *Brown*, this court held that "application of the deadly weapon enhancement to appellant's aggravated assault conviction does not violate the principles of double jeopardy." 402 Pa.Super. at 373, 587 A.2d at 8. Upon resentencing, the court applied the deadly weapon enhancement to the applicable guideline range for the aggravated assault conviction. The court then determined that it could not sentence separately for both the enhanced aggravated assault charge and the possession of an instrument of crime charge. At resentencing the court stated:

> The application of the deadly weapons enhancement makes inappropriate a sentence on the [possession of an instrument of crime] charge. Because once you add the deadly weapons enhancement, you cannot sentence then on the instrument of crime charge because that is the very basis for adding the enhancement.... [I]f you apply the deadly weapons enhancement, then you cannot also sentence on a weapon's charge.... In any event, the sentence of this court will be on the aggravated assault, the sentence will be a minimum of 20 months and a maximum of forty months. That sentence is to be served in the Philadelphia County Prison. The sentence on the possessing an instrument of crime charge is suspended by virtue of merger, it having been used to enhance the aggravated assault guidelines.

R.R. 145a (Resentencing Hearing). We agree with the Commonwealth that the sentencing court has erroneously interpreted the guidelines.

Recently, in *Commonwealth v. Burkhardt*, 526 Pa. 341, 586 A.2d 375 (1991), the Pennsylvania Supreme Court commented on the relationship between double jeopardy and

merger. Justice McDermott, who authored the lead opinion, stated:

> In the context of protecting defendants against simultaneous multiple punishments for the "same offense," the concepts of double jeopardy, greater and lesser included offenses and merger are related but separate legal concepts. *See Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981).... [W]e now hold that in the context of simultaneous convictions of multiple offenses, [footnote omitted] pursuant to guilty pleas or trial verdicts, the trial court may sentence separately for each distinct statutory crime of which the defendant is convicted, limited only by express legislative intent to the contrary.

*Id.*, 526 Pa. at 344–45, 586 A.2d at 377–78. In *Burkhardt*, the defendant pled guilty to attempted murder and possession of an instrument of crime. The sentencing court imposed separate consecutive sentences for each conviction. On appeal to this court, Burkhardt argued that consecutive sentences violated double jeopardy, and that since the crimes "necessarily involve" each other, they should have been merged for sentencing purposes. *Id.*, 526 Pa. at 343, 586 A.2d at 376. This court rejected both arguments. The Pennsylvania Supreme Court, acknowledging the fragmented and confusing decisions in this area, affirmed the judgment of sentence and concluded that separate consecutive sentences were within the discretionary powers of the sentencing court. The court reasoned that the relevant statutes did "not express a legislative intent that the offenses merge," and added that "if the Legislature intends that certain crimes be subsumed by, or merged into, other crimes that intention will be expressly stated." *Id.*, 526 Pa. at 344, 586 A.2d at 378.

The test enunciated by Justice McDermott departed from the tests set forth in *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989) and *Commonwealth v. Weakland*, 521 Pa. 353, 555 A.2d 1228 (1989), and did not

receive majority support.[5] Despite the splintered pronouncements on this issue, application of any of the tests formulated by our supreme court requires that we vacate and remand in this instance.

The relevant statutes provide:

**§ 2702. Aggravated Assault**

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702(a)(1).

**§ 907. Possessing instruments of crime**

**(a) Criminal instruments generally.**—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

**(b) Possession of weapon.**—A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to use it criminally.

18 Pa.C.S. § 907.[6]

■ An examination of the statutes indicates that the legislature has not expressly intended that the crime of

**5.** We note that the majority decision in *Williams,* authored by Justice Flaherty, was joined by Justices Zappala and Stout. Chief Justice Nix also joined the majority decision and filed a separate concurring opinion. Justice Papadakos filed a concurring and dissenting opinion, in which Justice Larsen joined. Justice McDermott filed a dissenting opinion, joined also by Justice Larsen. The *Weakland* decision, also authored by Justice Flaherty, was joined by Chief Justice Nix and Justices Zappala and Stout. Justice Papadakos filed a concurring and dissenting opinion, joined by Justice Larsen, and Justice McDermott filed a dissenting opinion, also joined by Justice Larsen.

**6.** "Instrument of crime" is defined in section 907 as

(1) Anything specially made or specially adapted for criminal use; or

(2) Anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

"Weapon" is defined as

possession of an instrument of crime be "subsumed by, or merged into" aggravated· assault. *Burkhardt, supra.*[7] Additionally, here, as in *Leon Williams, supra,* "the same facts are used to support convictions for crimes having different elements, ... [but] the crimes do not merge for sentencing purposes, unless the same facts support convictions of lesser included offenses." *Leon Williams,* 521 Pa. at 563, 559 A.2d at 29. In this particular case, we do not find that possession of instrument of crime, 18 Pa.C.S. § 907, is a lesser included offense of aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1). *Id.* Furthermore, Brown's act of possessing the saw with the intent to employ it criminally was separate and apart from the aggravated assault. *Weakland,* 521 Pa. at 363, 555 A.2d at 1233.

The sentencing judge's rationalization that possession of an instrument of crime merges into the enhanced aggravated assault is flawed. The purpose of the deadly weapon enhancement is to increase by 12 to 24 months the applicable guideline sentence range, enhancing the punishment for the underlying offense because it was committed with a deadly weapon.[8] *The enhancement is not a separate sentence,* nor is it another element of the crime to which it is attached. *See Commonwealth v. Williams,* 353 Pa.Super. 207, 210–14, 509 A.2d 409, 411–412 (1986) (204 Pa.Code § 303.4 is not a legislative definition of a crime but is a legislative determination of punishment to be imposed following certain convictions; it does not make the use of a weapon an element of the crime but serves only to define

> Anything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses which it may have.

18 Pa.C.S. § 907(c).

7. *Compare* 18 Pa.C.S. § 2702(a)(1) (defined above) *with* 18 Pa.C.S. § 2702(a)(4) ("attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon"). We reiterate that Brown was convicted under subsection (a)(1).

8. Section 303.4(b) provides that "there shall be no enhancement for convictions: ... under 18 Pa.C.S. § 907 (relating to possessing instruments of crime)[.]" 204 Pa.Code § 303.4(b).

the minimum punishment to be imposed). We perceive no double jeopardy impediment to applying an enhanced sentence for the aggravated assault conviction, and sentencing separately on the possession of an instrument of crime conviction. This does not constitute multiple punishments for the same offense.

In *Commonwealth v. Dotzman*, 403 Pa.Super. 325, 588 A.2d 1312 (1991), the defendant entered a guilty plea to four counts of robbery, three counts of possession of an instrument of crime generally, two counts of theft, unlawful taking and disposition, and two counts of illegal use of a computer. The sentencing court determined that the deadly weapon enhancement should not be applied to the defendant's robbery convictions because "each of these robberies became a felony of the first degree because of the use of the weapon ... if the weapon had not been used, the robbery would have risen no higher than a felony of the third degree." The sentencing court concluded, therefore, that "the use of the weapon ha[d] already been counted to raise the degree of the robbery and to raise the offense gravity score." *Id.*, 403 Pa.Superior Ct. at 330, 588 A.2d at 1315.

The Commonwealth appealed to this court and we vacated the judgment of sentence and remanded for resentencing. *Id.*, 403 Pa.Superior Ct. at 333, 588 A.2d at 1317. Relying upon *Brown, supra*, we held that the deadly weapon enhancement was improperly excluded in determining the guideline sentence range. *Id.*, 403 Pa.Superior Ct. at 331–34, 588 A.2d at 1316–1317. Although *Dotzman* is not dispositive of the precise issue before us, the principles espoused in that case offer some guidance here:

> The constitutional protection against double jeopardy precludes one from being punished twice for the same offense.... [Section] 303.4 ... does not provide for sentencing the defendant twice for the same offense, but rather calls for an increase in the guidelines sentence range where a deadly weapon has been used.... [Section] 303.4 does not conflict with the prohibition against double jeopardy. [footnote omitted]. The double jeopardy clause ... "protects against multiple punishments for the

same offense." [citations omitted]. An increase in the guideline sentencing range does not constitute multiple punishment for the same offense.

*Id.*, 403 Pa.Superior Ct. at 330–31, 588 A.2d 1312, 1315–1316 (1991), *citing Commonwealth v. Brown,* 402 Pa.Super. 369, 587 A.2d 6 (1991).

*Dotzman* and *Brown* presented double jeopardy concerns in the sense that the underlying crime and the attached enhancement were interpreted, erroneously, as double punishments for the same offense. *Brown, supra; Dotzman, supra. Cf.* 204 Pa.Code 303.4(b). Here too, the sentencing court has mistakenly construed the deadly weapon enhancement as a separate sentence; the distinction in this case, however, is that as a result of the error the court found that double jeopardy barred sentencing on a separate crime, not the crime to which the enhancement attached, as was the case in *Dotzman* and our previous decision in *Brown.*

The distinction does not call for a different result because the source of the error in this case, as well as in *Brown* and *Dotzman,* is the same; in each case the trial court misconstrued the enhancement as a separate sentence. This point is critical to a clear understanding of the guideline enhancement and the concept of merger. We conclude, therefore, that a proper application of the deadly weapon enhancement, *see* 204 Pa.Code § 303.4, does not bar a separate sentence on another conviction.[9] The trial court's determination that applying the deadly weapon enhancement to the aggravated assault conviction precluded a separate sentence on the possession of an instrument of crime conviction was in error. We vacate and remand for

**9.** Although the enhancement must be applied in order to determine the correct guideline range, the guidelines as a whole are not mandatory. As the courts of this Commonwealth have repeatedly stated, the guidelines need only be consulted and considered; the sentencing judge may depart from the guidelines, provided an adequate explanation for such departure is included in the record. *See Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Rivera,* 338 Pa.Super. 199, 487 A.2d 923 (1985); *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984).

resentencing.[10]  Jurisdiction relinquished.

Judgment of sentence vacated; case remanded for resentencing.  Jurisdiction relinquished.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting.

For the second time this court is reversing a sentence imposed by the trial court in this case, and in my view is taking such action for the second time, unjustifiably.

Prefacing the Majority's ultimate ruling is its initial conclusion that it is appropriate to review the Commonwealth's claims regarding the defendant's sentence because "the Commonwealth has raised a substantial question that the sentence imposed is inappropriate under the Sentencing Code."  Majority Opinion at 537.  I believe this conclusion is erroneous with regard to the discretionary sentencing issues raised by the Commonwealth and unnecessary with regard to the Commonwealth's claims concerning the questions of merger and the application of the deadly weapons enhancement.

The Commonwealth's claims which address the leniency of the sentence imposed do not constitute what has been found to be a "substantial question" deserving of appellate review.  "In effect, appellant asks this Court to substitute its judgment regarding an appropriate sentence for that of

---

10.  We find it unnecessary to address the Commonwealth's remaining two claims, having disposed of this case on the merger issue.  We reiterate, however, this court's concerns in our previous decision in this case:

> [Defendant's] sentence of 12 months less one day to 24 months less one day for the aggravated assault is over two years less than even the mitigated range of the guidelines.  Even if we consider [defendant's] aggregate sentence of 18 months less one day to 40 months less one day, it is still almost two years less than the suggested sentence (mitigated range) for the aggravated assault alone.  *In choosing among the various sentencing alternatives, the lower court appears to have focused solely on the needs of Brown to the exclusion of other sentencing factors, including the gravity of the offense and its impact upon the victim.  The sentence appears unreasonably lenient for the brutal stabbing.* [citations omitted].

*Id.,* 402 Pa.Superior Ct. at 375 n. 7, 587 A.2d at 9 n. 7.

[the sentencing judge]. Such a statement does not raise a substantial question that the sentence imposed was in fact inappropriate." *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989). The Majority's failure to adhere to this court's previous unwillingness to review sentences which are called into question because of their severity, leniency or the court's failure to mention on the record certain considerations, does nothing but further confuse those seeking an interpretation of the law in this area.

The Commonwealth's remaining claims do not involve discretionary sentencing questions. The application of a deadly weapons enhancement and the issue of merger are not matters within the discretion of a sentencing court; rather, they implicate the legality of a sentence. *See Commonwealth v. Campbell,* 351 Pa.Super. 56, 505 A.2d 262 (1986). As such, they may be appealed by a party as of right. 42 Pa.C.S.A. § 9781(a).

Although this court must review these matters, in this case I believe the Majority errs in concluding that the sentencing court wrongly ruled that a separate sentence on the conviction for possession of an instrument of crime was precluded because deadly weapon enhancement was added to the aggravated assault conviction.

I believe that the Majority would not dispute that it was well within the sentencing court's discretion to impose no further sentence on the defendant for his conviction of possessing an instrument of crime. The court imposed a sentence on the aggravated assault conviction recognizing the role the deadly weapon enhancement provision played in structuring the sentencing guidelines for this crime. The fact that the sentencing court failed to impose a further penalty on the possessing an instrument of crime charge, can not, in my view, be deemed an abuse of discretion.

My belief that the sentencing court was well within its discretion in refusing to impose a sentence on the possessing an instrument of crime charge is supported by the fact that a conviction on such a charge in this case was inappropriate. A dry wall saw is not an "instrument of crime."

Appellant pled guilty to a violation of 18 Pa.C.S.A. § 907 which defines an "instrument of crime" as:

(1) Anything specially made or specially adapted for criminal use; or

(2) Anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

In interpreting this statute this court has held that a screwdriver, used to stab and slash at a victim was not an instrument of crime. *Commonwealth v. Eddowes*, 397 Pa.Super. 551, 580 A.2d 769 (1990). We have also held that a pair of scissors, an icepick, and an ordinary razor blade, which were not objects regularly used by criminals and which were not physically altered in such a fashion as to demonstrate criminal objective, were not "instruments of crime." *See, Commonwealth v. Myers*, 376 Pa.Super. 41, 545 A.2d 309 (1988), *Commonwealth v. Taylor*, 362 Pa.Super. 408, 524 A.2d 942 (1987) and *Commonwealth v. Rodriquez*, 316 Pa.Super. 203, 462 A.2d 1310 (1983). A dry wall saw, as was used in this case, is not an object commonly used for criminal purposes and there is nothing in the record to suggest that the saw at issue in this case was in any manner altered to aid in the commission of the aggravated assault.

The sentencing court recognized the inherent problem that the facts of this case bring when attempting to formulate a sentence, particularly for the possessing an instrument of crime charge to which Appellant plead guilty. The sentencing court in this case did not engage in a merger analysis, as does the Majority, but rather found that it would be inappropriate to sentence this defendant on the possession conviction. In my view based upon the facts as presented and relevant case law, this action was entirely appropriate.

At sentencing, the court recognized that the aggravated assault conviction was to receive an enhanced recommended range under the Sentencing Guidelines because a deadly weapon was used during the perpetration of the crime.

While the dry wall saw constitutes a "deadly weapon" for purposes of the enhancement provisions (*see* 18 Pa.C.S.A. § 2301), the court was of the opinion that a separate sentence should not be imposed for a conviction of possessing an instrument of crime. The court stated:

The application of the deadly weapons enhancement makes inappropriate a sentence on the PIC charge. Because once you add the deadly weapons enhancement, you cannot sentence then on the instrument of crime charge because that is the very basis for adding the enhancement.

Also it is interesting to note, under *Commonwealth v. Morgan*, [265 Pa.Super. 225, 401 A.2d 1182 (1979)], a dry wall saw is probably not an instrument of a crime.

I accepted the plea because I believed that the prosecutor at the time had discussed that with defense counsel. And, that there had been some discussion about this was the plea that was to be presented. In retrospect, I wish I had insisted that it is not an instrument of crime. It might be a deadly weapon. But it is certainly not especially adapted for use in criminal activities.

So under 907 of 18 Purdon's a dry wall saw would not be a PIC, if I consider that, and don't apply a sentence on the PIC charge.

In any event, because it is covered by the deadly weapons enhancement, what I have before me now, as far as I am concerned, is a sentence on an aggravated assault with a deadly weapons enhancement, and the guideline range of 9 and a zero.

I find the trial court was well within it's discretion in refusing to apply a sentence to the possessing an instrument of crime charge. I further note that upon remand it will be free, once again, to formulate this same sentence. The Majority's actions, in my view are needless and unresponsive to the sentencing court's recognition that a sentence on the possessing an instrument of crime charge was inappropriate in this case.