644 A.2d 765

**COMMONWEALTH of Pennsylvania**

v.

**Dennis MEEKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1994.

Filed July 7, 1994.

Maryann F. Swift, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge and DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge.

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Philadelphia County.[1]

On February 21, 1987, in an unprovoked attack, Dennis Meekins stabbed George Peebles twice in the back with a knife. Meekins was convicted by a jury of Aggravated Assault with a deadly weapon, (18 Pa.C.S.A. § 2702(a)(4), Recklessly Endangering Another Person, (18 Pa.C.S.A. § 2705) and Possession of an Instrument of Crime (18 Pa.C.S.A. § 907). He was sentenced to five to ten years for aggravated assault and a consecutive term of one to five years for possessing an instrument of crime. The sentence for recklessly endangering another person was merged with the sentence for assault.

Appellant claims that the sentencing court erred by refusing to merge the crimes of Aggravated Assault committed under subsection 2702(a)(4) and Possession Of An Instrument Of Crime. The question whether these crimes merge for sentencing purposes is one of first impression for this court.

The Pennsylvania Supreme Court set forth the test for determining whether convictions merge for sentencing purposes in *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989). The Court held that only lesser included offenses merge for the purpose of sentencing. A lesser included offense is one composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense. *Commonwealth v. Jones*, 427 Pa.Super. 345, 348, 629 A.2d 133, 136 (1993).

---

1. Procedurally, this case is before us on an appeal from a Judgment of Sentence imposed on July 25, 1988. Appellant's counsel filed a timely appeal which was later dismissed when Appellant's counsel failed to file a brief. On November 18, 1991, Appellant was granted the right to appeal *nunc pro tunc*. On April 1, 1992, Appellant's counsel filed an Ander's brief seeking to withdraw. On July 9, 1992, Appellant filed a *pro se* supplemental brief alleging the issue before this court. On December 9, 1993, this court denied counsel's request to withdraw and directed counsel to file a brief on Appellant's behalf, specifically addressing the merger issue raised by Appellant, 434 Pa.Super. 692, 641 A.2d 1226. Because the issues raised in the Ander's brief are in fact meritless, in this opinion we address the sole issue of merger.

In *Commonwealth v. Fuller*, 396 Pa.Super. 605, 614, 579 A.2d 879, 884 (1990), this court considered the definition of "lesser included offense" and held that when it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of a lesser degree, the latter is, with respect to the former, a lesser included offense. Moreover, in *Commonwealth v. Yates*, 386 Pa.Super. 282, 287, 562 A.2d 908, 911 (1989), this court stated that the elements of the lesser offense must be identical and capable of being wholly subsumed within the elements of the greater offense.

At first blush it appears that the issue of merging aggravated assault and possession of an instrument of crime for sentencing purposes has already been decided by this court. In *Commonwealth v. Brown*, 415 Pa.Super. 534, 609 A.2d 1352 (1992), defendant was convicted of aggravated assault and possession of an instrument of crime and subsequently appealed. This court reversed and remanded for resentencing. At resentencing, the trial court applied a deadly weapon enhancement to the aggravated assault conviction and merged the sentence for possession of an instrument of crime with that imposed for the aggravated assault. Thereafter, the Commonwealth appealed alleging that the trial court erroneously merged the two crimes.

The majority in *Brown* held that possession of an instrument of crime was not a lesser included offense of aggravated assault, even with a deadly weapon enhancement.[2] *Brown*, 415 Pa.Super. at 537, 609 A.2d at 1355. The court stated that a deadly weapon enhancement was not a separate sentence, nor was it another element of the crime to which it attached. *Brown*, 415 Pa.Super. at 538, 609 A.2d at 1357.

This case, although similar to *Brown* is factually distinguishable. Unlike defendant Brown, who was convicted of aggravated assault but at sentencing had a deadly weapon enhancement applied, Appellant was convicted of aggravated assault

**2.** In a footnote the court acknowledged that the defendant in *Brown* was convicted of 18 Pa.C.S. § 2702(a)(1), aggravated assault, not § 2702(a)(4), aggravated assault with a deadly weapon. *Brown*, 415 Pa.Super. 534, 542 n. 7, 609 A.2d 1352, 1340 n. 7 (1992).

with a deadly weapon. Appellant's factual scenario poses a unique question regarding the characterization of a knife as both a deadly weapon and an instrument of crime.

To be guilty of aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1), (4), one must "attempt to cause or intentionally or knowingly cause bodily injury to another with a deadly weapon". A deadly weapon is defined as "any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury". 18 Pa.C.S. § 2301.

Possession of an instrument of crime is defined as possessing "anything specially made or specially adapted for criminal use; or anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907. According to the holding in *Commonwealth v. Rodriquez,* 316 Pa.Super. 203, 214, 462 A.2d 1310, 1316 (1983), "the Legislature has established two alternative criteria for determining whether an object is an instrument of crime: the object must either be one which is regularly used by criminals or it must be one which is physically altered in such a fashion as to demonstrate a criminal objective."

Contrasting the above elements of aggravated assault and possession of an instrument of crime, it is apparent that the greater offense is not totally dependant on the elements of the lesser offense. Therefore, the two crimes cannot merge for sentencing purposes.

Aggravated assault under (a)(4) hinges on the possession of a weapon capable of producing death or serious bodily injury. Possession of an instrument of crime requires possession of something commonly used in the commission of a crime or specially adapted for criminal use. Although deceptively similar, the elements of the two crimes are not "identical to and capable of being wholly subsumed" by one another as required by this court and the state Supreme Court. See *Common-*

*wealth v. Leon Williams,* 521 Pa. 556, 559 A.2d 25 (1989); *Commonwealth v. Weakland,* 521 Pa. 353, 555 A.2d 1228 (1989); *Commonwealth v. Lopez,* 426 Pa.Super. 625, 627 A.2d 1229 (1993).

By applying the appropriate test for merger and the elements of each crime involved, it is apparent that possession of an instrument of crime is not always a lesser included offense of an aggravated assault committed with a deadly weapon. Stated differently, it is possible to commit aggravated assault under (a)(4) without possessing an instrument of crime. For example, in the hypothetical situation in which an individual picks up a brick during an altercation and repeatedly strikes his opponent with it, he has committed aggravated assault with a deadly weapon. The brick, although used as a weapon and capable of producing death or serious bodily injury (thus qualifying as a deadly weapon), is not an instrument of crime because it was not specifically made or specially adapted for criminal use. See *Commonwealth v. Durrant,* 501 Pa. 147, 460 A.2d 732 (1983) (a pool cue is not an instrument of crime in a third degree murder case); *Commonwealth v. Cavanuagh,* 278 Pa.Super. 542, 420 A.2d 674 (1980) (a tire iron is not an instrument of crime in an assault case); *Commonwealth v. McNeil,* 388 Pa.Super. 108, 564 A.2d 1289 (1989) (a tire iron is an instrument of crime in a burglary case).

Thus, because it is possible to commit aggravated assault pursuant to Pa.C.S. § 2702(a)(4) with a deadly weapon without necessarily possessing an instrument of crime, the two crimes cannot merge for sentencing purposes without violating the merger rule set forth by the Supreme Court.

It is for these reasons the Judgment of Sentence is affirmed.