J-S09033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REESE | : | |
| | : | |
| Appellant | : | No. 1408 EDA 2019 |

Appeal from the Order Entered April 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007747-2018

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                              April 1, 2020

Appellant, Robert Reese, appeals from the judgment of sentence of two to four years of confinement followed by two years of probation, which was imposed after he pleaded guilty to aggravated assault and possessing instruments of crime ("PIC").[1]  With this appeal, appellate counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous.   After careful review, we affirm and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a) and 907(a), respectively.  The aggravated assault charge was graded as a felony of the second degree.  The sentence is to be served concurrently to Appellant's sentence at Docket Number CP-51-CR-0007746-2018.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

The facts underlying this appeal are as follows:

On October 11th, 2018, at approximately 1:25 in the afternoon, the complainants Jacqueline Soder and Andrea Elmaghraby, were sitting on the steps outside of [a] home on the 2300 block of East Clearfield Street in the City and County of Philadelphia.

While sitting on that front step, [Appellant] drove onto that block in a blue van. [Appellant] then drove his vehicle off of the street up onto the sidewalk and into [Elmaghraby's] leg.

He the[n] put the car in reverse and attempted to go towards the other complainant, Ms. Soder. Ms. Soder was not struck by the van, however this incident was observed by 24th Police District Officers Cristina Quintez and Sergeant Armstrong.

Upon seeing this incident, Officer Quintez and Sergeant Armstrong did follow [Appellant] who fled, and were able to . . . stop him at the intersection of Memphis [Street] and Allegheny Avenue in the City and County of Philadelphia.

[Elmaghraby] did spend several days from the 11th to the 15th at Temple Hospital where she did receive surgery for [a] broken tibia and a rod was inserted into her leg.

Ms. Soder did not have injury as a result of this incident.

N.T., 4/2/2019, at 38-40.

On April 2, 2019, after six jurors had already been selected, Appellant informed the trial court that he was not satisfied with his attorney but was unwilling to accept the trial court's offer of new counsel. *Id.* at 12. Following a lunch recess, Appellant requested that he have an opportunity "to see" the complainants, who were in the back of the courtroom. *Id.* at 23. Immediately thereafter, Appellant agreed to a negotiated guilty plea. *Id.* at 24-25.

During the oral plea colloquy, the following exchanges occurred between Appellant and the trial court:

> **THE COURT:**    Have you ever been treated or are you currently being treated for any type of mental illness?
>
> **[APPELLANT]:**  No.
>
> **THE COURT:**    Sir, are you under the influence of any drugs, alcohol, or medication today?
>
> **[APPELLANT]:**  I take heart medicine. . . .
>
> **[THE COURT:]**  Do any of those medications impact your ability to understand what's going on here today?
>
> **[APPELLANT]:**  No.
>
> **THE COURT:**    Do any of those medications impact or interfere with your ability to communicate and understand your attorney?
>
> **[APPELLANT]:**  No.

*Id.* at 25-27.

The trial court then confirmed that Appellant understood the nature of the charges to which he was pleading, the factual basis for the plea, the permissible range of sentences and fines, and that he would have had a right to trial by jury had he proceeded to trial. *Id.* at 29-30, 38-40. Appellant also executed a written guilty plea colloquy, the cover sheet of which reiterated the content of the oral guilty plea colloquy and added that Appellant understood "that the judge is not bound by the terms of any plea agreement between [him]self, [his] attorney, and the attorney for the Commonwealth unless the judge accepts such agreement" and that he is "presumed innocent until [he is] proven guilty." Colloquy for Plea of Guilty / Nolo Contendere, 4/2/2019. The written guilty plea colloquy further explained the presumption of innocence as follows: "That means that I start out innocent—and stay

innocent unless the District Attorney proves I committed the crime(s). I do not have to prove anything." Written Guilty Plea Colloquy, 4/2/2019, at 1.

Following the guilty plea colloquy, the trial court imposed the negotiated sentence of two to four years of incarceration for aggravated assault and a consecutive two-year probation for PIC. N.T., 4/2/2019, at 50-51.

On April 12, 2019, Appellant filed a timely post-sentence motion to withdraw his guilty plea, which the trial court denied on April 24, 2019. On May 9, 2019, Appellant filed this timely direct appeal.[3]

On October 16, 2019, appellate counsel filed an **Anders** brief presenting the question of whether any of the following issues have arguable merit: (1) whether the trial court erred in its denial of Appellant's post-sentence motion, because (a) Appellant's plea was invalid and/or (b) Appellant was not competent to enter a plea; and (2) whether the trial court imposed a legal sentence. **See Anders** Brief at 6, 11-13, 15.

On October 16, 2019, appellate counsel sent a letter to Appellant, informing Appellant that he intended to file a petition for leave to withdraw, and he filed his petition to withdraw that same day. Appellant has not filed a *pro se* response to that petition.

"[W]hen presented with an **Anders** brief, this court may not review the merits of the underlying issues without first passing on the request to

---

[3] Appellant filed his statement of errors complained of on appeal on July 8, 2019. The trial court did not file an opinion.

- 4 -

withdraw." ***Commonwealth v. Blauser***, 166 A.3d 428, 431 (Pa. Super. 2017). An ***Anders*** brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

> Counsel . . . must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Schmidt***, 165 A.3d 1002, 1006 (Pa. Super. 2017) (citations and internal brackets and quotation marks omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super.

2004)). Finally, "[w]e must also 'conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.'" *In re J.D.H.*, 171 A.3d 903, 908 (Pa. Super. 2017) (quoting *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted)).

In this appeal, we observe that appellate counsel's October 16, 2019, correspondence to Appellant provided a copy of the *Anders* brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, appellate counsel's *Anders* brief, at 7-9, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellate counsel additionally advances relevant portions of the record that arguably support Appellant's claims that his plea was invalid and that he was not competent to enter a plea. *Id.* at 13-14. However, appellate counsel believes that there is nothing in the record that arguably supports a challenge to the legality of Appellant's sentence. *Id.* at 15. Ultimately, appellate counsel cites his reasons and conclusion that "a direct appeal is frivolous, because there are no meritorious issues that could be raised." *Id.* at 16. Counsel's *Anders* brief and procedures hence comply with the requirements of *Santiago* and *Schmidt*. We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

Appellant first challenges the trial court's denial of his post-sentence motion to withdraw his guilty plea. *Id.* at 11.

> We begin by setting forth our standard of review. In *Commonwealth v. Broaden*, 980 A.3d 124 (Pa.Super. 2009), we summarized the principles governing post-sentence motions to withdraw pleas:
>
> > [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.
>
> *Id.* at 129 (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa.Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion
>
> > imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.
>
> *Commonwealth v. Shaffer*, 551 Pa. 622, 712 A.2d 749, 751 (1998) (citation omitted).

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018).

Appellant specifically argues that his plea was invalid. **Anders** Brief at 12.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011); **accord Commonwealth v. Wilcox**, 174 A.3d 670, 674 (Pa. Super. 2017), *appeal denied*, 184 A.3d 545 (Pa. 2018).

> Pa.R.Crim.P. 590, which pertains to procedures for entering pleas and plea agreements, requires pleas to be entered in open court, and specifies that the trial judge must make inquiries, on the record, to determine whether the plea is voluntarily and understandingly tendered. The comments to Pa.R.Crim.P. 590 provide that at a minimum, the court should make the following inquiries:
>
> > (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
> >
> > (2) Is there a factual basis for the plea?
> >
> > (3) Does the defendant understand that he or she has the right to trial by jury?
> >
> > (4) Does the defendant understand that he or she is presumed innocent until found guilty?
> >
> > (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
> >
> > (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> Pa.R.Crim.P. 590, Comment.

*Commonwealth v. McGarry*, 172 A.3d 60, 66-67 (Pa. Super. 2017) (footnote omitted), *appeal denied*, 185 A.3d 966 (Pa. 2018).

Appellant concedes that the trial court inquired into his understanding of the first, second, third, and fifth factors from the Comment to Pa.R.Crim.P. 590. *Anders* Brief at 12-13 (citing N.T., 4/2/2019, at 29-30, 38-40). However, he contends that the trial court did not inquire into his awareness of the fourth and sixth factors. *Id.* at 13. While Appellant is correct that, during his oral guilty plea colloquy, the trial court did not discuss the presumption of innocence and the trial court's power to reject the terms of a plea agreement, Appellant affirmed that he understood these matters in his written guilty plea colloquy. Colloquy for Plea of Guilty / Nolo Contendere, 4/2/2019; Written Guilty Plea Colloquy, 4/2/2019, at 1; *see also* Comment to Pa.R.Crim.P. 590 ("nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings"). Accordingly, Appellant's argument that his plea was invalid due to the trial court's failure to investigate his understanding of these two factors is belied by the record, and he thereby cannot demonstrate the manifest injustice required for this Court to find that the trial court abused its discretion by denying his post-sentence motion to withdraw his guilty plea. *Kehr*, 180 A.3d at 756-57.

Appellant additionally urges this Court to find that the trial court erred by denying his post-sentence motion to withdraw his plea on the basis that he

was not competent to enter into a plea due to the medications that he was taking at the time. **Anders** Brief at 13-14. However, Appellant communicated to the trial court that he was only taking heart medication that did not impact his comprehension or communication. N.T., 4/2/2019, at 26-27. He also stated that he has never been treated for mental illness. **Id.** at 25. Appellant is bound by these statements that he made in open court while under oath. **Yeomans**, 24 A.3d at 1047; **see also Wilcox**, 174 A.3d at 674. Consequently, Appellant cannot establish that his plea was not tendered knowingly, intelligently, and voluntarily due to his lack of competency. **See Kehr**, 180 A.3d at 756-57.

Finally, Appellant maintains that his sentence was illegal. **Anders** Brief at 15.

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Lekka**, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

In the current action, Appellant pleaded guilty to aggravated assault, graded as a felony of the second degree, and to PIC. These counts bear a maximum penalty of ten years of incarceration and of five years of incarceration, respectively, for an aggregate maximum potential penalty of 15 years of incarceration. Instead, Appellant's aggregate sentence was two to four years of confinement for aggravated assault followed by two years of probation for PIC; as this sentence was well under the statutory maximums,

it was legal. *See Commonwealth v. Bradley*, 834 A.2d 1127, 1131 (Pa. 2003) ("An illegal sentence is one that exceeds the statutory limits.").[4]

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant lack merit. *See Goodwin*, 928 A.2d at 291. In addition, we have reviewed the certified record consistent with *J.D.H.*, 171 A.3d at 908, and *Flowers*, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/20

---

[4] Furthermore, the charges of aggravated assault and PIC do not merge for sentencing purposes. *Commonwealth v. Meekins*, 644 A.2d 765, 766 (Pa. Super. 1994).